UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| KEVIN FORTIER, individually on behalf of himself, and on behalf of all others similarly situated, *et al.*,<br><br>                                   Plaintiffs,<br><br>v.<br><br><br>LIBERTY UNIVERSITY, INC.,<br><br>                             Defendant. | **Civil Action No. 6:23-cv-69** |

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION FOR SETTLEMENT APPROVAL

Plaintiff Kevin Fortier and Defendant Liberty University, Inc. (collectively the "Parties"), have settled this wage and hour action for $30,000.00.

The settlement satisfies all criteria for approval of a Fair Labor Standards Act ("FLSA") settlement because it is a fair and reasonable resolution of a bona fide dispute and is the result of arms-length settlement negotiations conducted by counsel well-versed in wage and hour law.

For the reasons set forth below, the parties respectfully request that the Court enter an order approving the $30,000.00 settlement detailed in the Settlement Agreement and Release of Claims (the "Settlement Agreement"). For the Court's convenience, the Settlement Agreement is attached as Exhibit A.

## PROCEDURAL BACKGROUND AND SETTLEMENT NEGOTIATIONS

**Factual Allegations**

Kevin Fortier is currently the only Plaintiff opted into the case. Mr. Fortier has moved to certify a collective class to include allegedly similarly situated employees at Liberty in the Intramural Sports Department who were paid on an hourly basis and allegedly not paid for all hours worked within the three years preceding the filing of the Complaint herein. Dkt. Nos. 16-17.

Mr. Fortier worked for Liberty's Intramural Sports Department and was paid on an hourly basis.[1] At the times at issue in this case, Liberty's Intramural Sports Department was managed by Steve Chamberlin, Associate Director of Intramural Sports, and Ed Barnhouse, Director of Intramural Sports. Mr. Fortier alleged that under their leadership, the employees in Liberty's Intramural Sports Department had their hours capped, such that any employee who worked hours beyond the cap would not be paid for those additional hours of work. Fortier alleged that Director Barnhouse was aware of this policy and practice, and Fortier alleged that he spoke to Director Barnhouse on several occasions concerning the unlawful failure to pay overtime and regular wages owed, but the policy and practice continued.

Defendant denies these allegations, Dkt. No. 9, and deny that there are any similarly situated employees such that certification of a collective would be appropriate, Dkt. No. 19.

The wages that were alleged to not be paid to Mr. Fortier were overtime wages and were both regular and overtime wages for the alleged similarly situated putative collective. Thus, this is

---

[1] At the end of Fortier's employment, Fortier was paid on a salary basis. Fortier did not seek damages for himself for that period. Dkt. No. 1, ¶29.

a collective action lawsuit for wage theft of regular and overtime wages brought under the Virginia state wage laws[2] and the Fair Labor Standards Act.

**Overview of Investigation, Litigation, and Settlement Negotiations**

The instant lawsuit was filed on November 10, 2023.

Defendant answered on January 15, 2024.

The parties held a Rule 26(f) teleconference on January 31, 2024.

The parties exchanged initial disclosures on February 16, 2024.

Plaintiff served discovery requests on Defendant on March 13, 2024, which Defendant responded to on April 19, 2024. Plaintiff has reviewed the discovery responses and documents produced therewith.

Plaintiff inquired with Defendant regarding whether Defendant opposed conditional certification; Defendant answered in the affirmative. Plaintiff, therefore, filed a motion for conditional certification on May 9, 2024, to which Defendant responded on May 23, 2024. The matter was set for hearing, but the parties reached a resolution prior to hearing.

As discussed further herein, on May 28, 2024, Defendant offered more than Mr. Fortier's estimated best day, including his current attorney fees and costs. Plaintiff, therefore, accepted the offer.

<u>**SUMMARY OF THE KEY SETTLEMENT TERMS**</u>

**The Settlement Amount(s)**

Defendant has agreed to pay a total of $30,000.00 to settle this dispute. That amount will

---

[2] Va. Code § 40.1-29(J), Virginia's wage theft law, and Va. Code § 40.1-29.2, Virginia's overtime wage act, permit individuals to use the collective action procedure of the FLSA, 29 U.S.C. § 216(b), for individuals who similarly suffered wage theft and failure to pay overtime compensation.

be allocated as follows: (i) payment to Plaintiff's counsel's a total of $19,000.00 for fees and costs, and (ii) total settlement payment to Plaintiff Fortier of $11,000.00. Mr. Fortier will receive the amount of his anticipated lost wages, $2,500.00, as W-2 and the remaining amount, $8,500.00, as 1099, for claimed liquidated damages, triple damages, and interest pursuant to the FLSA, Va. Code § 40.1-29(J), and Va. Code § 40.1-29.2.

**Release**

The parties have agreed to a release that is properly tailored to only release the wage and hour claims at issue.

**Denial of Liability**

The settlement acknowledges that Defendant denies liability to Plaintiff Fortier and any other potential plaintiffs, and the settlement of this matter should in no way be construed as an admission of liability.

## ARGUMENT

### I.  The Settlement Meets the Requirement for Approval of an FLSA Settlement.

Settlement of an FLSA lawsuit must be approved by the U.S. Department of Labor or a federal district court. *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 593 (E.D. Va. 2016) (citing *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005)). Courts in the Western and Eastern District of Virginia have traditionally taken their direction from the Eleventh Circuit and have held that an FLSA settlement should be approved if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Patel v. Barot*, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014) (citing *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)). Furthermore, when the parties' settlement, as here, reflects "a reasonable compromise over the issues the court may approve it in order to promote the policy of encouraging settlement of

litigation." *Kuntze v. Josh Enters., Inc.*, No. 2:18cv38, 2019 WL 2179220, at *1 (E.D. Va. May 20, 2019) (internal markings omitted) (citing *Lynn Food Stores*, 679 F.2d at 1354).

This settlement represents a good faith compromise of the parties' bona fide dispute of liability and damages under the FLSA. Furthermore, the proposed settlement terms are fair and reasonable, and the settlement was reached after arms-length negotiation, and with counsel well-versed in FLSA and related state-law matters. For these reasons and based on the foregoing, the parties request that the Court approve the Settlement Agreement.

### A.      There is a Bona Fide Dispute over FLSA Provisions.

To merit Court approval, the settlement must involve a bona fide dispute over FLSA provisions. *See Patel*, 15 F. Supp. 3d at 654 (citing *Lynn Food Stores*, 679 F.2d at 1355). In this action, Plaintiff Fortier alleged that he was not paid overtime compensation as the time was removed from the time tracking system prior to payroll processing. As the Court has noted, "[a] bona fide dispute exists when an employee makes a claim that he or she is entitled to overtime payment." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1.08cv1310, 2009 WL 3094955, at *16 (E.D. Va. Sept. 28, 2009). The Settlement Agreement contains a provision wherein Defendant expressly denies any and all liability to Plaintiff Fortier and all other potential plaintiffs. As such, this settlement represents a good faith compromise of the parties' bona fide dispute regarding the FLSA claims alleged in the Complaint.

### B.      The Settlement is Fair and Reasonable.

"In determining whether a settlement is fair, adequate, and reasonable there is a *strong presumption* in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed." *LaFleur*, 189 F. Supp. 3d at 593 (emphasis added) (internal markings and citations omitted). Those factors to be considered when assessing whether an

agreement is fair and reasonable are: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of the counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits; and (6) the amount of the settlement in relation to the potential recovery. *Id.*; *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975). As detailed below, the factors point toward approval in this case.

### 1.   The Extent of Discovery that has Taken Place.

The parties have exchanged initial disclosures, and Defendant has provided discovery responses. Defendant has also reviewed its records and found Mr. Fortier's average overtime hours worked in 2019, when Mr. Fortier was in the same position but not reporting to the allegedly offending manager. In 2019, Mr. Fortier worked an average of 3.65 hours of overtime per month and his final hourly wage was $18.92 per hour.  Therefore, his overtime rate would have been $28.38 per hour.  Multiplying the $28.38 overtime rate by the average number of overtime hours worked per month, 3.65, totals, $103.59 per month in overtime pay. Multiplying $103.59 by 24 months (November 2020 through November 2022), totals $2,486. Applying triple damages and 8% interest, Mr. Fortier's "best day" is estimated at $9,047.25.[3]  The parties do not have any reason to believe Mr. Fortier's hours worked during the recoverable period were greater than in 2019, in part because the COVID 19 pandemic  resulted in a great deal of canceled or significantly reduced intramural athletic sports and activities; it is possible that his hours were even reduced for a period of the time in question. In conclusion, the parties had sufficient information to evaluate and calculate the damages at issue and to determine whether settlement made legal and/or business

---

[3] Virginia Code § 40.1-29(G) and (J) mandates eight percent annual interest be paid on all unpaid wages and permits plaintiff to receive triple the amount of wages due for known failure to pay wages.

sense.

### 2.        The Stage of the Proceedings.

The parties are in the midst of paper discovery and conditionally certifying the collective. In addition to standard defenses, Defendant vehemently denies that there is a group of similar individuals to support collective certification. Therefore, there are several important issues that would have required significant litigation had the matter not settled. Extensive time and energy would have gone into discovery, dispositive motions, trial, and potentially appeals regarding these foregoing issues.

This settlement provides meaningful recovery to Plaintiff Fortier in that it is more than his estimated best day. From Defendant's perspective, settlement eliminates the substantial fees that would be associated with discovery, dispositive motions, trial, and potentially appeals, in addition to the potential for Collective Certification, which could result in additional plaintiffs joining herein.

### 3.   The Absence of Fraud or Collusion.

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12; *see also Kuntze*, 2019 WL 2179220, at *2. The parties negotiated this settlement at arms-length. Defendant only agreed to negotiate after the motion for conditional certification was filed and set for hearing. Thus, there is no evidence to outweigh the presumption that no collusion occurred between counsel.

### 4.   The Experience of Counsel of Record.

When counsel has "experience in federal court and employment litigation . . . their opinion is entitled to weight." *Gagliastre v. Captain George's Seafood Rest., LP*, No. 2:17cv379, 2019 WL 2288441, at *3 (E.D. Va. May 29, 2019); *see also Flinn*, 528 F.2d at 1173 ("While the opinion

and recommendation of experienced counsel is not to be blindly followed by the trial court, such

opinion should be given weight in evaluating the proposed settlement."). All counsel are well-

respected lawyers with a breadth of experience in the fields of employment litigation and wage

and hour law. Plaintiff's counsel have litigated a number of small and large overtime cases against

public entities and private corporations, including, but not limited to:

> *Rogers, et al. v. City of Richmond*, 3:11CV620 (E.D. Va.)
> *Carroll, et al. v. County of Henrico*, 3:12CV00105 (E.D. Va.)
> *Devine, et al. v. City of Hampton*, 4:14CV81 (E.D. Va.)
> *Wright, et al. v. City of Roanoke*, 7:18CV210 (W.D. Va.)
> *Lacroix, et al. v. City of Portsmouth, Virginia*, 2:13CV533 (E.D. Va.)
> *Slavin, et al., v. United States Postal Service*, 3:17CV00134 (E.D. Va.)
> *Milton, et al. v. Quality Eco Technologies, LLC*, 3:20CV43 (E.D. Va.)
> *Yerby, et al. v. City of Richmond*, 3:19CV393 (E.D. Va.)
> *Clinton, et al. v. GEICO*, 2:16CV430 (E.D. Va.)
> *Mendoza, et al. v. Baird Drywall & Acoustic, Inc., et al.*, 7:19-cv-882 (W.D. Va.)
> *Broussard v. Eldor Automotive Powertrain USA*, 7:19-cv-0841 (W.D. Va.)
> *Pinon v. Kalyan Plaza, LLC, et al.*, 7:20-cv-205 (W.D. Va.)
> *Sziber v. Dominion Energy, Inc.*, 3:20-cv-117 (E.D. Va.)
> *Jones v. Harvest Roanoke LLC, et al.*, 7:22-cv-485 (W.D. Va.)
> *Jones v. 573 LLC, et al.*, 7:22-cv-486 (W.D. Va.)
> *Campbell, et al. v. Intercontinental Capital Group, Inc.*, 3:22-cv-00034 (E.D. Va.)
> *Granderson, et al. v. Capital One Financial Corporation*, 3:21-800 (E.D. Va.)
> *Denson, et al. v Elephant Insurance Services, LLC*, 3:22-cv-00022 (E.D. Va.)
> *Wheaton v. Westminister-Canterbury of The Blue Ridge*, 3:22-cv-00050 (W.D. Va.)
> *Hines, et al. v. ModivCare Solutions, LLC*, 3:23-cv-00273 (E.D. Va.)
> *Adams, et al. v. Negril Incorporated, et al.*, 4:22-cv-00107(W.D. Va.)
> *Walker v. Brooks Public Safety LLC, et al.*, 7:24-cv-00341 (W.D. Va.)
> *Clifton et al v. ACME Therapies, Co.*, 4:22-cv-00113 (W.D. Va.)
> *Raines, et al v. Zerodraft Maryland, LLC*, 7:23-cv-00477 (W.D. Va.)
> *Medina-Sanchez, et al. v. Apple Vir LLC*, 6:24-cv-00005 (W.D. Va.)

Plaintiff's counsel relied on sufficient information to evaluate, negotiate, and make well-

informed judgments about the adequacy of the settlement. Based on Plaintiff's counsel's

knowledge of the case and applicable law, as well as their experience in numerous similar wage

and hour actions, Plaintiff's counsel's opinion is that the settlement is fair, reasonable, and

adequate and resolves a bona fide dispute. That opinion, based on extensive knowledge of employment law, is entitled to significant weight.

### 5.   The Probability of Plaintiff's Success on the Merits.

The fact that the hour reduction policy was occurring was to some extent fairly clear based on the discovery exchanged to date. However, the wages owed were minimal, and are difficult to calculate given that the time was alleged to have been removed from the timekeeping system, and there was a vigorous dispute regarding whether other individuals in different roles in the department were similarly situated. Plaintiff further faced standard disputes regarding liquidated damages, triple damages, interest, and willfulness.

### 6.   The Amount of the Settlement in Relation to the Potential Recovery.

Mr. Fortier is receiving $11,000.00, which is more than the estimated overtime compensation, triple damages, and interest owed. Mr. Fortier's potential damages were calculated using the average overtime hours that Mr. Fortier worked during 2019, which was extrapolated to the recoverable period. Consequently, this settlement brings considerable value and certainty now to Mr. Fortier. The substantial benefit to Plaintiff Fortier is a significant factor weighing in favor of approval of the proposed Settlement Agreement.

### 7.   Plaintiff's Attorneys' Fees and Costs.

The FLSA provides in part that "the court … shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The settlement agreed to by the parties reflects this and rather than engaging in a time consuming and costly fight over the amount of attorneys' fees, the parties here were able to reach a resolution that encompassed the claim for attorneys' fees and costs, with Plaintiff's counsel agreeing to $19,000.00, slightly less than their lodestar.

The FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interests taints the amount the wronged employee recovers under a Settlement Agreement." *See Poulin v. General Dynamics Shared Res.*, *Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)); *see also Davis v. BT Ams. Inc.*, No. 2:16cv206, 2017 WL 11506967, at *2-3 (E.D. Va. May 10, 2017). When assessing the fairness of attorneys' fees pursuant to a court-ordered fee award, courts generally rely on the lodestar analysis.[4] *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992); *LaFleur*, 189 F. Supp. 3d at 593. However, assessing the fairness of attorneys' fees that are part of a negotiated FLSA settlement is not identical to the traditional lodestar analysis. *Devine v. City of Hampton*, No. 4:14cv81, 2015 WL 10793424, at *3 (E.D. Va. Dec. 1, 2015). In determining the reasonableness of attorneys' fees in an FLSA settlement, courts should give some deference to the parties' voluntary agreement and use lodestar principals as a cross-check to assess fairness. *Id.* (citing *Poulin*, 2010 1813497, at *1).

"In the Fourth Circuit, 'the most critical factor in calculating a reasonable fee award is the degree of success obtained.'" *Teague v. Bakker*, 213 F. Supp. 2d 571, 583 (W.D. N.C. 2002) (quoting *McKnight v. Cir. City Stores, Inc.*, 14 F. App'x 147, 149 (4th Cir. 2001)). Here, the Plaintiff received a significant success given that Mr. Fortier is receiving more than his estimated best day. Plaintiff's counsel's attorneys' fees and costs to date are approximately $22,000, and Plaintiff's counsel have agreed to receive $19,000.00, with no additional fee recovery going forward through the settlement process.

---

[4] "The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate." *LeFleur*, 189 F. Supp. 3d at 593 (citing *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

## CONCLUSION

The Parties engaged in analysis of the facts and the data at issue and the Settlement Agreement provides Plaintiff significant monetary relief. Because the settlement is a fair and reasonable resolution of a bona fide dispute between the Parties, it should be approved.

Respectfully submitted,

By:_/s/_____
Brittany M. Haddox (VSB No. 86416)
L. Leigh Rhoads (VSB No. 73355)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, VA 24018
Tel: (540) 283-0802
brittany@vaemployment.law
leigh@vaemployment.law

Craig J. Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
BUTLER CURWOOD, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel: (804) 648-4848
craig@butlercurwood.com
zev@butlercurwood.com

*Counsel for Plaintiff*

By:_/s/_____
King F. Tower, Esq. (VSB No. 38767)
WOODS ROGERS VANDEVENTER
BLACK, PLC
king.tower@woodsrogers.com
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone: (540) 983-7541
Facsimile: Main (540) 983-7711

Leah M. Stiegler, Esq. (VSB No. 89602)
leah.stiegler@woodsrogers.com
Emily K. Chowhan, Esq. (VSB No. 95845)
emily.kendallchowhan@woodsrogers.com
901 East Byrd Street, Suite 1550
Richmond, Virginia 23219
Telephone: (804) 956-2058
Facsimile: (804) 944-2561

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 18, 2024, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to counsel of record.

_____/s/ Brittany M. Haddox__
Brittany M. Haddox