## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter referred to as the "Agreement") is entered into by and between Kevin Fortier ("Fortier") and Liberty University ("Liberty"), collectively referred to as "the Parties" for the following purposes:

WHEREAS, Fortier has filed a lawsuit in the United States District Court for the Western District of Virginia, Civil Action No. 6:23-cv-00069 ("the Lawsuit"), styled as a putative collective action, alleging claims for unpaid overtime under the Fair Labor Standards Act and the Virginia Overtime Wage Act and for unpaid straight time wages under the Virginia Wage Payment Act;

WHEREAS, no additional Plaintiffs have consented to join this matter, nor has collective certification been granted;

WHEREAS, Liberty has denied, and continues to deny, each and all of the claims and contentions alleged in the Lawsuit, and any and all allegations of wrongdoing, fault, liability, or damage of any kind. Liberty has also considered the risks and potential costs of the continued litigation of the Lawsuit, on one hand, and the benefits of the proposed settlement on the other hand, and desires to settle the Lawsuit upon the terms and conditions set forth in this Agreement;

WHEREAS, the Parties desire to make a final settlement resolving the differences between them, without further adjudication of any issue of law or fact, and without any admission with respect to any issues presented by Fortier in his lawsuit or otherwise associated with payment of wages owing to his prior employment;

NOW THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the Parties agree as follows:

1.      Within seven (7) days of the execution of this Agreement, the Parties will file a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit

thereto. The Parties expressly agree that the terms of this Agreement are fair and equitable.  In the event the Court does not approve the Agreement, the Parties agree to work together in good faith to structure a settlement that will meet Court approval.

2.      This Agreement will not be construed as an admission by Liberty of any unlawful or wrongful acts whatsoever, and Liberty specifically disclaims and denies any liability to Fortier or wrongful acts against Fortier or any other person.

3.      The "Effective Date" of this Agreement shall be the date when all the following events have occurred: (a) this Agreement has been executed by all Parties; and (b) the Court has entered a final order and judgment approving this settlement.

4.      Liberty agrees to pay Fortier the gross sum of Thirty Thousand Dollars and No Cents ($30,000.00) (the "Settlement Payment") to be distributed as follows and which sum represents adequate consideration in full and final settlement of the claims released herein, including Fortier's counsel's fees and expenses:

(a)      A check payable to Kevin Fortier in the gross amount of Two Thousand Five Hundred Dollars and No Cents ($2,500.00), which shall represent alleged lost back pay and/or front pay and from which shall be deducted any applicable payroll/tax withholdings, for which Liberty shall issue an IRS form W-2 to Fortier (the "Wage Amount").

(b)      A check payable to Kevin Fortier in the amount of Eight Thousand Five Hundred Dollars and No Cents ($8,500.00), which shall represent alleged liquidated damages, triple damages, and/or other non-wage damages contained herein and for which Liberty shall issue an IRS Form 1099-MISC (marked box 3) to Fortier (the "Non-Wage Amount");

(c)      A check payable to Virginia Employment Law in the amount of Nineteen Thousand Dollars and No Cents ($19,000.00), which shall represent attorneys' fees and costs and

for which an appropriate IRS Form 1099-MISC (marked box 3) shall be issued (the "Fee Amount").

Fortier shall provide Liberty with a completed IRS Form W-4 and Form W-9, and Virginia Employment Law shall provide Liberty with a completed IRS Form W-9. Checks for the Wage Amount, Non-Wage Amount, and the Fee Amount shall be submitted to Virginia Employment Law on or before the date that is fourteen (14) days following a Court order approving the terms of the Agreement. The Parties agree that the Settlement Payment constitutes consideration to which Fortier would not otherwise be entitled were it not for the covenants, promises, and releases set forth in this Agreement, and that it will not be deemed to constitute compensation for the purposes of any retirement plan.

The parties further agree that Liberty will deduct from the Wage Amount all withholding taxes and other payroll deductions that Liberty is required by law to make from wage payments to employees. Excepting Liberty's share of payroll taxes for the wage amount, Fortier assumes full liability (if any such liability may exist) for any and all federal, state, and local taxes, plus any penalties, interest, costs and/or fees ("tax liability") that he incurs based upon the payment of the Settlement Payment made to Fortier pursuant to this Agreement. Liberty will be responsible for the employer share of the payroll taxes withheld on the Wage Amount.

Defendant will pay all sums due under the terms of this Agreement no later than fourteen (14) days of a Court order approving the terms of this Agreement.

Virginia Employment Law is located at:

>Virginia Employment Law
>4227 Colonial Avenue, SW
>Roanoke, VA 24018

5.      The Parties agree that they will work together as necessary to extend any of the dates listed in this agreement to the extent doing so will help to facilitate an orderly settlement and resolution of this matter.

6.      Fortier agrees that Liberty shall not owe him anything further once he receives the Settlement Payment.  Fortier acknowledges and agrees that once he receives the Settlement Payment, Liberty will have compensated him for all hours he contends to have worked and that he will have received all wages and compensation, including straight time wages and overtime premium wages, to which he contends he is entitled under the FLSA, Virginia law, and any other federal, state, or local law regarding the payment of wages.

7.      Fortier, for himself, his heirs, executors, administrators, successors, and assigns, knowingly and voluntarily, releases and forever discharges, and agrees to hold harmless Liberty from any and all known or unknown, asserted or unasserted wage and hour related claims, causes of action, suits, demands, contracts, agreements, liens, judgments, debts, obligations, damages, or liability that were raised or could have been raised in this Lawsuit, including but not limited to those claims, causes of actions, demands, debts, obligations, damages, or liability allegedly arising under the FLSA, Virginia law, and all other claims related to the payment of wages, compensation, and/or wage and overtime premiums.

By signing this agreement, Fortier is waiving any such wage and hour claims that he has or may have against Liberty and each of its directors, members, officers, employees, attorneys, insurers, legal successors and assigns, affiliates, subsidiaries, divisions, predecessors, and all other related or affiliated persons, firms or entities ("Liberty Releasees").  Fortier forever agrees that he shall not institute, nor accept any other relief from any other wage and hour suit, class or collective action, administrative claim, or other wage and hour claim of any sort or nature

whatsoever except where prohibited by law against Liberty Releasees related to the released claims in this Agreement through the Effective Date.

8.  Fortier warrants and represents that (i) Fortier is the owner of the matters released by Fortier, and (ii) Fortier has not transferred or assigned all or any part thereof.  Nothing in this Agreement will be construed to prohibit Fortier from participating in any proceeding conducted by any agency charged with enforcing the law.

9.  As soon as practicable following receipt of all checks by Virginia Employment Law, Fortier's counsel shall move to dismiss the Lawsuit to the extent the Court has not already done so as coincident to settlement approval. This Agreement is subject to approval by the United States District Court for the Western District of Virginia, Lynchburg Division.  In the event it is not approved by the Court, it will be deemed null and void, of no force and effect, and of no probative value, and the parties represent, warrant, and covenant that in any event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims at issue in this matter. In the event the Court does not approve the Agreement, the parties will return to the respective positions they held immediately prior to execution of this Agreement.

10.  Except as provided herein, Fortier specifically understands and agrees that he will be responsible for all fees and costs owed to his attorneys or legal advisors or to anyone engaged by him for any reason related to this Lawsuit.  Fortier further unconditionally releases and discharges Liberty from any claim for attorney fees and costs incurred by or for Fortier or Fortier's behalf, or in connection with the Lawsuit.

11.  Fortier represents and warrants that he is not aware of any other claims against Liberty or any Liberty Releasees other than those asserted in the Lawsuit.  Fortier understands

that Liberty is relying upon this representation and warranty in entering this Agreement and that it is consideration for this Agreement.

12.     Fortier and his counsel will not publicize the existence and the terms of this Agreement to the media, on their websites, social media, or other platforms.

13.     By executing this Agreement, Fortier affirms that he has not filed, caused to be filed, or presently is a party to any other claim or demand against Liberty other than this matter.

14.     Facsimile or emailed signatures shall have the same power and effect as original signatures with regard to this Agreement.  This Agreement may be executed independently and separately (i.e. in counterparts) by the respective Parties.  If executed in counterparts, each counterpart shall be deemed to be an original, and said counterparts together shall constitute one and the same Agreement.

15.     This Agreement constitutes the entire agreement between Fortier and Liberty with respect to the resolution of the Lawsuit, and specifically supersedes any precious agreements or representation between the Parties.  This agreement shall inure to the benefit of any successor to Liberty, or in the event of Fortier's death, to his estate.

16.     Should any provision of this Agreement be determined to be invalid, the validity of the remaining provisions will not be affected, and any invalid provision will be deemed not to be a part of this Agreement.

17.     This Agreement will be governed by the laws of the Commonwealth of Virginia, without regard to its conflict of laws principals.  The Parties agree that any action to enforce this Agreement shall be brought in the United States District Court for the Western District of Virginia in Lynchburg, Virginia, and specifically agree to jurisdiction of such court and venue in such court.

18.   This Agreement shall not be construed in favor of one party or against the other.

IN WITNESS WHEREOF, the Parties have executed this Agreement.


KEVIN FORTIER

Date: 06/18/2024                          Sign: _____



LIBERTY UNIVERSITY, INC.

Date: 6/8/24                              By: _____

_____                  Its: Exec. VP of Human Resources